Tbe opinion of tbe Court was' delivered by
Wardlaw, J.
When tbe Ordinary, as a mere ministerial officer, has in bands an ascertained sum of money, which, upon proper demand, be refuses to pay to a person entitled to receive it, an action on his bond will lie against him and *579 his sureties: and where- such action on the bond would lie, an action of assumpsit against bina might be maintained. But where the Ordinary has, (under-tlfe Acts of 1839 and 1842, concerning the sale of real estate by him, 11 Stat. 44, 232,) in his hands a fund, in reference to which his judgment as a judicial officer is to be exercised, that judgment must be first appealed to, and if thought incorrect, must be corrected by a higher tribunal, before the Ordinary can be made amenable to a law Court for his neglect to pay to any person the share of that fund, which such person may be fairly entitled to receive.
. In this case the Ordinary has in hand a fund which arose from the sale of land. Whose the land was, we do not undertake to say: it was sold as of the estate of Michael Wise senior, deceased: it is now said, that it was land of which Aaron David Wise was at his death seized in fee conditional, and that he dying without heirs of his body; there was á reverter to the heirs of Michael Wise, senior, who devised it to Aaron David. ' Perhaps, in either view, the same persons are entitled to share it, and in the same proportions. These plaintiffs claim balances of certain shares: the Ordinary, not denying that the shares of the female plaintiffs were such as are claimed, if they had been subject to no deductions, insists that they were properly reduced to the sums which he has paid, and that no balances are due. In reference to the deductions which have been' made, there have been before the Ordinary various proceedings, in which some blunders and much unmeaning verbiage may be easily seen. Whether costs only, or also the claims of an executor founded upon a deficiency of assets, have been considered; whether the Ordinary has made a decree, or only expressed an advisory opinion, may be doubtful. But it is certain that the Ordinary had jurisdiction to consider both the costs and the executor’s claim, and that from his judgment, in reference to either, appeal can be had only to the Court of Equity. Act *580 of 1842, § 1, 7. The matter, as involving accounts, has been considered unfit for the examination of a law court, and cannot be brought before it by action against the Ordinary, when it could not have been by appeal from his judgment.
It is asked, then, if the Ordinary$shall keep what the plaintiffs are entitled to, because they have not appealed to the Court of Equity in due time. They must abide any consequences which their own neglect may have brought upon them. But no decree has been exhibited to this Court concerning costs, or concerning the fund from which the plaintiffs now claim balances. Let the plaintiffs, after citation of other persons interested in the matter, obtain the decree of the Ordinary concerning this fund. If he should refuse to decree, or if they should be dissatisfied with his decree, they may appeal to the Court of Equity; that Court can judge of the propriety of the course which the Ordinary may take, and of every deduction which he may make, — can enforce his obedience to its order for payment; and can, moreover, guard the rights of the wives, plaintiffs, whose was the inheritance that has been sold, against husbands, who, as said in this Court, have shown themselves to be unworthy of trust.
The motions for nonsuit are granted.
O’Neall, Withers, and Glover, JJ., concurred.

Motions granted.